# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-1073

_____

Timothy James Walter

*Plaintiff - Appellant*

v.

Commissioner, Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: September 24, 2020
Filed: October 6, 2020
[Unpublished]

_____

Before LOKEN, WOLLMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Timothy James Walter appeals a district court[1] order affirming the denial of disability insurance benefits. We agree that substantial evidence on the record as a

_____

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

whole supports the Commissioner's adverse decision. See Schwandt v. Berryhill, 926 F.3d 1004, 1008 (8th Cir. 2019) (de novo review). Specifically, we find no basis in the extensive medical records for finding that any conditions other than those identified by the administrative law judge (ALJ) were severe impairments. See Kirby v. Astrue, 500 F.3d 705, 707 (8th Cir. 2007) (if impairment has no more than minimal impact on claimant's ability to work, it is not severe). We further find the ALJ's determination that Walter's subjective complaints were not entirely credible supported by substantial evidence, see Swink v. Saul, 931 F.3d 765, 770-71 (8th Cir. 2019) (ALJ may discount subjective complaints if record as whole is inconsistent with claimant's testimony; because ALJ is in better position to gauge credibility and resolve conflicting evidence, this court will not substitute its opinion for ALJ's); and we find no merit to Walter's various challenges to the ALJ's residual functional capacity (RFC) findings, see Myers v. Colvin, 721 F.3d 521, 527 (8th Cir. 2013) (ALJ determines RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations); Perks v. Astrue, 687 F.3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). Finally, we find no abuse of discretion in the ALJ's decision not to issue a subpoena to a physical therapist who conducted a functional capacity evaluation. See Passmore v. Astrue, 533 F.3d 658, 661-66 (8th Cir. 2008) (standard of review). The judgment is affirmed.[2]

_____

[2]Because Walter did not raise his Appointments Clause argument in the proceedings before the Commissioner, we decline to address it on appeal from the district court's decision. See Davis v. Saul, 963 F.3d 790 (8th Cir. 2020), *petition for cert. filed* (U.S. July 29, 2020).